RECEIVED
USDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
DATE 6/26/15 YT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| RANDY PAUL DAVIS (#581779) | DOCKET NO. 15-cv-1431; SEC. P |
|---|---|
| VERSUS | JUDGE DRELL |
| LAYNE C. LACAZE | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Randy Paul Davis filed the instant civil rights complaint *in forma pauperis*, and pursuant to 42 U.S.C. §1983. Plaintiff is a detainee at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He complains about a traffic stop in 2009, for which he was charged with possession of marijuana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff has filed ten civil suits since March 4, 2015. In the captioned suit, he claims that on Apri 29, 2009, Deputy Layne Lacaze conducted a traffic stop of Plaintiff's vehicle. He ordered Plaintiff out of the car and issued a citation. The officer grabbed Plaintiff's throat and removed his dentures. According to the arrest report, Plaintiff was attempting to swallow marijuana, which he spit out, and was stuck to his dentures. Plaintiff disputes the validity of the laboratory report identifying the substance as marijuana. He seeks monetary damages and an

injunction against Officer Lacaze.

## Law and Analysis

### 1. Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Additionally, because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### 2. *Heck v. Humphrey*

To the extent that Plaintiff seeks damages for an allegedly unlawful search that resulted in his arrest, prosecution, and conviction, his claim fails. In order "[t]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

2

to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Plaintiff's claim for damages is based upon the allegedly illegal search of his vehicle and/or the fraudulent lab report. To the extent that he was convicted of those charges, the conviction has not been invalidated by a state or federal court. See id. Thus, his claim for monetary damages is barred by Heck. If he was not convicted of those charges, the claim still fails as prescribed.

## 2. *Prescription*

Because there is no federal statute of limitations for actions brought pursuant to §1983, federal courts presiding over §1983 claims must borrow the statute of limitations provisions of the state in which the federal court sits. See Owens v. Okure, 488 U.S. 235, 236, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (citing Wilson, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)); see also Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989); Rodriguez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992). Plaintiff's §1983 claim is therefore governed by Louisiana's statute of limitations provision for tort claims, which is one year. See Elzy, 868 F.2d at 794. This prescriptive period "commences to run from the day injury or damage is sustained." LA. CIV.CODE ANN. art. 3492. "Although state law controls the statute of limitations for §1983 claims, federal law determines when a cause of action accrues." Rodriguez, 963 F.2d at

3

803 (citing Brummet v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991)). Under the federal standard, a cause of action accrues when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Id. (citing Helton v. Clements, 832 F.2d 332, 335 (5th Cir.1987)). Plaintiff had knowledge of the traffic stop and the lab report in 2009. Thus, to the extent that Heck does not bar Plaintiff's claim, any civil rights claim arising from the search is long since prescribed.

*4. Restraining Order*

To the extent that Plaintiff is seeking a temporary restraining order and injunction, he has failed to comply with the requirements of Federal Rules of Civil Procedure Rule 65. Plaintiff has not submitted either an affidavit or verified pleading showing that "... immediate and irreparable injury, loss, or damage will result..." if the restraining order does not issue. Additionally, based upon the facts thus far alleged, Plaintiff has not shown that he is entitled to injunctive relief. A movant for a preliminary injunction or TRO must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest.

<u>Women's Med. Ctr. of Northwest Houston v. Bell</u>, 248 F.3d 411, 418-20 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." <u>Lewis v. S.S. Baune</u>, 534 F.2d 1115, 1121 (5th Cir. 1976). Plaintiff simply cannot prevail because he cannot demonstrate either a substantial likelihood of success on the merits or the probability of irreparable injury, primarily because his case has prescribed.

## *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B) and 1915A.

## *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 26th day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE